IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA D. MORIARITY,<br><br>    Plaintiff,<br><br>   v.<br><br>JANALIE HENRIQUES,<br>HUNT & HENRIQUES LAW FIRM, and<br>DOES 1-20, inclusive,<br><br>    Defendants. | Case No.: 1:11-cv-01208 OWW JLT<br><br>ORDER GRANTING PLAINTIFF'S<br>APPLICATION TO PROCEED IFP<br><br>(Doc. 3)<br><br>ORDER REQUIRING PLAINTIFF EITHER TO<br>FILE AN AMENDED COMPLAINT OR<br>NOTIFY THE COURT OF HER<br>WILLINGNESS TO PROCEED ONLY ON<br>CLAIMS FOUND TO BE COGNIZABLE |

Linda Moriarity ("Plaintiff") seeks to proceed *in forma pauperis* and *pro se* with an for violations of the Fair Debt Collection Practices Act, the California Fair Debt Collections Practices Act, and of her due process rights. Plaintiff filed her complaint (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 3) concurrently on July 21, 2011.

For the following reasons, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**, and her complaint is now before the Court for screening.

**I.  Proceeding *in forma pauperis***

The Court may authorize the commencement of an action without prepayment of fees "but a person who submits an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The

1

Court has reviewed the application and has determined that it satisfies the requirements of 28 U.S.C. § 1915(a).  Therefore, Plaintiff's Motion to Proceed In Forma Pauperis is **GRANTED**.

## II.  Screening Requirement

When a plaintiff is proceeding *in forma pauperis*, the Court is required to review the complaint, and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. 1915(e)(2).  A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III.  Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure.  A pleading stating a claim for relief must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys.  *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner.  *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  Conclusory and vague allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).  The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.

*Iqbal*, 129 S.Ct. at 1949.  Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth.  *Id.*  If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**IV.   Plaintiff's Factual Allegations**

Plaintiff alleges she obtained a credit card from Bank of America, which was transferred to FIA Cardservices, and remained in good standing until she defaulted in September 2009.  (Doc. 1 at 2).  On April 6, 2010, Frederick J. Hanna & Associates ("Hanna") contacted Plaintiff to collect on a FIA Cardservices account with a debt in the amount of $7,498.31.  *Id.*  Plaintiff asserts "the account number, as provided, did not match any Bank of America or FIA Cardservices accounts under the name of Plaintiff," which she informed Hanna on April 15, 2010.  *Id.*

Plaintiff asserts she received a collection note from Hunt & Henriques Law Firm ("Hunt & Henriques") on May 20, 2010, which alleged the law firm represented FIA Cardservices and was attempting to collect a debt in the amount of $7,498.31.  (Doc. 1 at 2).  According to Plaintiff, the collection note gave "the same invalid credit card account number as used by Hanna & Assoc."  *Id.*  On May 25, 2010, Plaintiff sent a demand to the Hunt & Henriques for validation of the debt, and "notified them that the account number provided did not belong to any accounts under [her] name. . . and account as listed was bogus."  *Id.*  Plaintiff included a "[n]otice of cease and desist for further collection attempts until validation was furnished."  *Id.*  According to Plaintiff, no further contact was made regarding the validity or verification of the account.  *Id.*

3

Further, Plaintiff asserts, "On the weekend of August 6, 2010, Plaintiff was advised that some paperwork had been found on the windshield of a parked vehicle on her property, by a person there to feed her pets." (Doc. 1 at 2-3). Plaintiff states she was informed "that paperwork was returned to an address on the paperwork," and that she never saw it. *Id.* at 3. Plaintiff asserts she learned of a complaint by Hunt & Henriques though a request for entry of default judgment signed by defendant Janalie Henriques, from Hunt & Henriques. *Id.* In response, Plaintiff states she sent a notice denying service to Hunt & Henriques on November 7, 2010, but she received no response. *Id.* Plaintiff alleges the default judgment was granted. *Id.*

**V.   Discussion and Analysis**

According to Plaintiff, Janalie Henriques and Hunt & Associates ("Defendants") violated the Fair Debt Collection Practices Act and California's corollary statute, the Rosenthal Fair Debt Collections Act. (Doc. 1 at 3-4). Plaintiff alleges, "The account number listed in their communications is bogus, non existent (sic), still un-validated and un-verified and not that issued to Plaintiff." *Id.* at 3. Plaintiff states Defendants "proceeded with litigation with full knowledge the account was not the Plaintiff's . . ." *Id.* Also, Plaintiff asserts Defendants' actions were a violation of due process because she was "never serve[d] pursuant to Federal FRCP 12(b)(4)." *Id.* at 5.

A.   <u>Fair Debt Collection Practices Act ("FDCPA")</u>

Under the provisions of the FDCP, debt collectors are prohibited "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). To establish a violation of the FDCPA, Plaintiff must show: (1) she was a consumer (2) who was the object of a collection activity arising from a consumer debt, and (3) the defendant is a "debt collector" as defined by the FDCPA, (4) who engaged in an act or omission prohibited by the FDCPA. *Miranda v. Law Office of D. Scott Carruthers,* 2011 U.S. Dist. LEXIS 55180, at *11 (E.D. Cal. May 23, 2011), citing *Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004). Plaintiff alleges she is a consumer within the meaning of FDCPA, and Defendants are debt collectors within the meaning of FDCPA. (Doc. 1 at 3). Plaintiff asserts Defendants have violated several sections of the FDCPA, including § 1692e(2) by falsely representing the character amount or legal status of a debt;

4

§§ 1692e(8) and 1692g(b) by failing to verify or validate the disputed debt; and § 1692f by using unfair and unconscionable means to collect a debt. *Id.* at 3-4.

*Section 1692e(2)*

The FDCPA prohibits a debt collector's use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" including "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). A plaintiff is not required to prove the defendant knowingly or intentionally made the false representation. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1166, 1176 (9th Cir. 2006).

Here, Plaintiff asserts Defendants falsely represented "the character, amount, or legal status of [the] debt." (Doc. 1 at 3). According to Plaintiff, she notified Defendants that the account was not hers, *id.* at 2, and states "[i]f the account is not Plaintiff's it is not Plaintiff's legal debt." *Id.* at 3. Plaintiff's alleges the collection note from Hunt & Henriques characterized the debt as hers, though it was not. *Id.* at 2. In addition, Plaintiff alleges the complaint signed by Janalie Henriques mischaracterized the debt. *Id.* at 4. Therefore, Plaintiff alleges Defendants falsely represented the debt, and states a cognizable claim for a violation of § 1692e(2).

*Section 1692e(8)*

Debt collectors are prohibited from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Unlike § 1692e(2), this section requires the plaintiff to show the defendant knew or should have known that the information was false. *Id.*; *see also Clark*, 460 F.3d at 1176 n.11 (noting though the FDCPA is generally a strict liability statute, Congress expressly required elements of knowledge and intent where it deemed them necessary).

Plaintiff seems to allege Defendants violated § 1692e(8) through communicating false information, but fails to provide factual allegations to support this assertion. Notably, because Plaintiff asserts Defendants made particular false representations regarding the debt, the heightened pleading standard of Fed. R. Civ. P. 9(b) is applicable to the claim because it sounds in fraud. *Compare Bledea v. Indymac Fed. Bank*, 2010 U.S. Dist. LEXIS 23391, at *21 (E.D. Cal. Feb. 25,

2010) (when the plaintiff alleged the defendant falsely stated the debt, the allegation violation of § 1692e(8) was subject pleading standard of Rule 9(b), and required the plaintiff to allege "the time, place or manner of the misrepresentation with sufficient particularity") *with Champlaie v. BAC Home Loans Servicing*, 706 F.Supp.2d 1029, 1055 (E.D. Cal. 2009) (finding Rule 9(b) inapplicable where the plaintiff alleged the defendant *threatened* to make false reports as a violation of § 1692e(8), because fraud was not the basis of the claim).

Therefore, because Plaintiff asserts Hunt & Henriques made false representations regarding the debt, Plaintiff is required to state "the who, what, when, where and how" of the false representations. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1120 (9th Cir. 2003); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2004) (allegations must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations") (internal quotation marks and citation omitted).  Because Plaintiff fails to allege when, by what means, or to whom Hunt & Henriques made false representations, her claim for a violation of § 1692e(8) is **DISMISSED**.

*Section 1692g(b)*

When "a consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed… the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment…" 15 U.S.C. § 1692g(b).  In essence, § 1692g(b) gives a debt collector "a choice: it either may choose not to verify the debt and abandon its collection efforts, or it may decide to verify the debt and resume the collection activities once the requested validation has been provided." *Golliday v. Chase Home Finance, LLC*, 671 F.Supp. 629, 637 (W.D. Mich. 2011), citing *Purnell v. Arrow Fin. Servs., LLC*, 303 Fed. App'x. 297, 304 (6th Cir. 2008).

Here, Plaintiff alleges Henriques and Hunt & Henriques failed to obtain verification of the debt and *if* they had done so, the defendants would have recognized the account was not her debt. Plaintiff alleges that she notified Defendants in writing that the debt was not hers, yet they continued in a court action to collect the debt despite receiving notice that the debt was disputed and without

providing verification of the debt. Therefore, Plaintiff has stated a cognizable claim for a violation of § 1692g(b).

*Section 1692f*

The FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA does not define "unfair" or "unconscionable," but Section 1692f provides eight examples of violative conduct "without limiting the general application" of the statute. *See id.* Notably, "[t]he filing of a lawsuit alone is neither unfair nor unconscionable." *MediaIdea v. Law Office of Evan L. Loeffler, PLCC*, 2008 U.S. Dist. LEXIS 109013 (W. Wash. June 19, 2008). However, the filing of "a lawsuit to which there appears to exist a complete defense, without first making a reasonable inquiry as to whether the defense is in fact not complete," may be a violation of § 1692f. *See Kimber v. Federal Financial Corp.*, 668 F. Supp. 1480, 1487 (M.D. Ala. 1987) (finding the defendant violated § 1692f where the suit was barred by the statute of limitations and the attorney failed to make a reasonable inquiry that the limitations period was to be tolled).

In this case, Plaintiff asserts, "Janalie Henriques violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect a debt, by signing and causing said complaint to be filed, having knowledge the alleged account was invalid and not that of Plaintiff." (Doc. 1 at 4). Consequently, Plaintiff asserts she had a complete defense to the debt by asserting it was not her own which should have been known by Henriques, and Plaintiff has stated a cognizable claim for a violation of § 1692f.

B.  Rosenthal Fair Debt Collection Practices Act

Plaintiff alleges Defendants violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA) arising under California law. The RFDCPA "like its federal counterpart, is designed to protect consumers from unfair and abusive debt collection practices." *Robinson v. Managed Accounts Receivable Corp.*, 654 F.Supp.2d 1051, 1060 (C.D. Cal. 2009), citing Cal. Civ. Code § 1788.1. The provisions of FDCPA are incorporated in the RDCPA under Cal. Civ. Code § 1788.17. Consequently, conduct by a debt collector that violates the FDCPA violates RFDCPA as well. *See,*

*e.g., id.*; *Hosseinzadeh v. M.R.S. Assoc.*, 387 F.Supp.2d 1104, 1118 (C.D. Cal. 2005); *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005).

Notably, the RFDCPA excludes attorneys from the definition of "debt collectors" while the FDCPA does not. *Compare* Cal. Civ. Code § 1788.2(c) ("the term . . . does not include an attorney or counselor at law") *with* 15 U.S.C. §1692a(6). On the other hand, district courts throughout the Ninth Circuit have found that a law firm is a "debt collector" within the meaning of the RFDCPA:

> The statute merely states that it does not apply to 'attorney' or 'counselor at law;' it does not outright exclude law firms. Since the legislature specifically excluded attorneys from the statute but was silent with respect to law firms, this Court presumes that the legislature did not intend to exclude law firms.

*Abels*, 227 F.R.D. at 547-48; *see also Robinson*, 654 F.Supp.2d at 1061; *Miranda*, 2011 U.S. Dist. LEXIS 55180, at *19-20. Consequently, though Plaintiff is unable to assert RFDCPA claims against Janalie Henriques, she has stated a cognizable claim for a violation of RFDCPA against the law firm of Hunt & Henriques.

C.  <u>"Violation of FRCP 12(b)(4)" and Due Process</u>

According to Plaintiff, "Defendants deprived Plaintiff of [d]ue [p]rosess" because they knew "Plaintiff had never been serve[d] [and] pursuant to FRCP 12(b)(4), where proper service is not made a party is deprived of due process."  (Doc. 1 at 5).

A due process claim is not triggered by a private actor, but only by actions of the state or federal government, "unless the action of the latter may be fairly treated as that of the [government] itself."  *Rank v. Nimmo*, 677 F.2d 692, 701 (9th Cir. 1982) (discussing the due process clause of the Fifth Amendment and the federal government); *Jackson v. Metropolitan*, 419 U.S. 345, 349 (1974) ("private action is immune from the restrictions of the Fourteenth Amendment" and a private actor may only be held liable for a constitutional violation if there is a "sufficiently close nexus between the State and the challenged action of the [private actor] . . ."). Here, Plaintiff has not shown the actions of Defendants may be treated as though the actions of either federal or state government, subject to the Fifth Amendment and Fourteenth Amendment respectively. Therefore, Plaintiff is unable to state a violation of her due process rights.

Likewise, Plaintiff is unable to assert a violation of Fed. R. Civ. P. 12(b)(4), which names "insufficient process" as a defense to a claim for relief in a pleading. Notably, the time for a 12(b)(4) motion is "before a pleading if a responsive pleading is allowed," and if no responsivle pleading is required, it may be asserted at trial. Fed. R. Civ. P. 12(b). Therefore, Plaintiff's third cause of action for "violation of FRCP 12(b)(4), insufficient process" is **DISMISSED**.

### D.  Emotional Distress

As part of her prayer for relief, Plaintiff seeks "actual damages for emotional distress." (Doc. 1 at 5). However, it is unclear whether her claim for "emotional distress" is raised as an intentional tort as negligent infliction of emotional distress.

A claim of negligent infliction of emotional distress "contains the traditional elements of duty, breach, causation and damages." *Jacoves v. United Merchandising Corp.*, 9 Cal.App.4th 88, 106 (Ct. App. 1992). A claim for intentional infliction of emotional distress, requires Plaintiff to establish: (1) outrageous conduct by the defendant, (2) who intended to cause or recklessly disregarded the probability of causing emotional distress, (3) and the defendant's actions were the actual and proximate cause (4) of Plaintiff's severe emotional suffering. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004), citing *Brooks v. United States*, 29 F.Supp.2d 613, 617 (N.D. Cal. 1998). Plaintiff has not alleged any facts support these claims. Therefore, Plaintiff's claim for "emotional distress" is **DISMISSED**.

### E.  Rooker-Feldman Doctrine

Also included in Plaintiff's prayer for a relief is a request for "an order to rescind, vacate or request dismissal of [d]efault [j]udgment." (Doc. 1 at 5). However, it is not clear from the complaint where the default judgment was entered. Notably, a party may not seek appellate review in federal court of a decision made in the state court under the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The Ninth Circuit explained,

> Typically, the Rooker Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.

*Doe v. Mann*, 451 F.3d 1038, 1041-42 (9th Cir. 2005).  In addition, a complaint in federal court must be dismissed for lack of subject matter jurisdiction if the "claims raised are . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 894, 898 (9th Cir. 2003), citing *Feldman*, 460 U.S. at 483, 485.  Therefore, to the extent Plaintiff seeks review of a state court decision, this Court lacks jurisdiction to offer relief from a judgment entered by the state. *See Exxon Mobile Corp v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 292-93 (2005) (The *Rooker-Feldman* doctrine precludes the district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced . . .").

F.   Doe defendants

Generally, "Doe" defendants are disfavored in the Ninth Circuit. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *see also Clark v. Rolling Hills Casino*, 2010 U.S. Dist. LEXIS 55087, at *9 (E.D. Cal. May 5, 2010).  However, when the identities of defendants are not known, "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie*, 629 F.2d at 642.

Plaintiff names "Does 1-20" as defendants in caption of the complaint.  However, Plaintiff fails to identify individuals among these defendants, or demonstrate how individuals acted in a manner that caused her to suffer harm.  *See West*, 487 U.S. at 28; *Johnson*, 588 F.2d at 742.  Notably, "Does 1-20" are not mentioned in the factual allegations or pleadings other than the caption.  Consequently, Plaintiff has failed to state a cognizable claim against Does 1-100, and she should not be permitted an opportunity to identify the unknown defendants, and "Does 1-20" are **DISMISSED.**

VI. **Conclusion and Order**

Plaintiff states cognizable claims for the violation of the Fair Debt Collection Practices Act against Defendants, including a claim for a violation of 15 U.S.C. § 1692f against Janalie Henriques, a violation of 15 U.S.C. § 1692g(b) against Hunt & Henriques Law Firm, and violations of

§1692e(2) by Janalie Henriques and Hunt & Henriques Law Firm. In addition, Plaintiff stated a cognizable claim for a violation of the Rosenthal Fair Debt Collection Practices Act against Hunt & Henriques Law Firm. However, Plaintiff's factual allegations did not support other claims raised within her complaint.

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, Plaintiff may notify the Court in writing that she does not wish to file an amended complaint and is agreeable to proceeding against Janalie Henriques for the violations of §§1692f and § 1692e(2), and against Hunt & Henriques Law Firm for the violations of § 1692g(b), § 1692e(2) and RFDCPA. At that time, the Court will dismiss the other claims and "Does 1-20," and will forward a summons and USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, her amended complaint should be brief, but must state facts supporting allegations as to the harm caused by each defendant. Fed. R. Civ. P. 8(a); *Iqbal*, 129 S. Ct. at 1948-49. Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S. Ct. at 1965 (citations omitted).

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, an amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, (citing *London v. Coopers & Lybrand*, 644 F2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's Complaint is **DISMISSED**, with leave to amend;
2. Within **30 days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

11

        b.    Notify the Court in writing of her willingness to proceed only on the cognizable claims against Janalie Henriques for violations of 15 U.S.C. §1692f and § 1692e(2), and against Hunt & Henriques Law Firm for the violations of 15 U.S.C. § 1692e(2), § 1692g(b) and RFDCPA.

3.   <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated: **August 15, 2011**     /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE