IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA D. MORIARITY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JANALIE HENRIQUES,<br>HUNT & HENRIQUES LAW FIRM,<br><br>　　　　　Defendants.<br>_____ | Case No.: 1:11-cv-01208 -- - JLT<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE A SECOND AMENDED COMPLAINT OR NOTIFY THE COURT OF HER WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |

　　　　Linda Moriarity ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with an action for violations of the Fair Debt Collection Practices Act, the California Fair Debt Collections Practices Act, and of her due process rights. Plaintiff filed her complaint (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 3) concurrently on July 21, 2011. The Court screen Plaintiff's complaint on August 15, 2011, and directed Plaintiff to either file and amended complaint or notify the Court of her willingness to proceed on claims determined to be cognizable. (Doc. 5). Plaintiff filed her First Amended Complaint on September 16, 2011 (Doc. 7), which is now before the Court for screening.

**I.  Screening Requirement**

　　　　When a plaintiff is proceeding *in forma pauperis*, the Court is required to review the complaint and identify "cognizable claims." *See* 28 U.S.C § 1915(a)-(b). The Court must screen Plaintiff's First Amended Complaint because an amended complaint supersedes Plaintiff's

1

previously filed complaint. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

The Court must dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). In determining malice, the Court examines whether the claims are pled in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

## II.  Pleading Standards

The Federal Rules of Civil Procedure General set forth the general rules for pleading a complaint. A pleading stating a claim for relief must include a statement demonstrating the Court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The Federal Rules adopt a flexible pleading policy, and *pro se* pleadings are held to "less stringent standards" than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).

A complaint must give fair notice and state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of the complaint is to give the defendant fair notice of the claims against him, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Conclusory and vague allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 129 S.Ct. at 1949. Where the factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; conclusions in the pleading are not entitled to the same assumption of truth. *Id.* If the Court determines that the complaint fails to state a cognizable claim, the Court may grant leave to amend to the extent that deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### III.   Plaintiff's Factual Allegations

Plaintiff alleges she obtained a credit card from Bank of America, which was transferred to FIA Cardservices. (Doc. 7 at 2). Plaintiff contends the account, ending in 2791, remained in good standing until she defaulted in September 2009. *Id.* On April 6, 2010, Frederick J. Hanna & Associates ("Hanna") contacted Plaintiff to collect on a FIA Cardservices account with a debt in the amount of $7,498.31. *Id.* Plaintiff asserts "the account number as provided, did not match any Bank of America or FIA Cardservices accounts under the name of Plaintiff," and that she informed Hanna of these facts on April 15, 2010. *Id.*

Nevertheless, Plaintiff asserts she received a collection note from Hunt & Henriques Law Firm ("Hunt & Henriques") on May 20, 2010, which alleged the law firm represented FIA Cardservices and was attempting to collect a debt in the amount of $7,498.31. (Doc. 7 at 2). According to Plaintiff, the collection note gave "the same invalid credit card account number as used by Hanna & Assoc." *Id.* On May 25, 2010, Plaintiff sent a demand to Hunt & Henriques for validation of the debt, and "notified Hunt & Henriques that this was not an account number under

the name of Linda D. Moriarity." *Id.* Plaintiff included a "[n]otice of cease and desist for further collection attempts until validation was furnished." *Id.* Plaintiff alleges that no further contact was made regarding the validity or verification of the account. *Id.*

According to Plaintiff, "On the weekend of August 6, 2010, [she] was advised that some paperwork had been found on the windshield of a parked vehicle on her property, by a person there to feed her pets." (Doc. 7 at 2). Plaintiff states she never saw it the documents, and was informed "that paperwork was returned to an address on the paperwork." *Id.* Plaintiff asserts she learned of a complaint filed by Hunt & Henriques, only though a request for entry of default judgment signed by defendant Janalie Henriques, from the law firm of Hunt & Henriques. *Id.* Plaintiff states she sent a notice denying service to Hunt & Henriques on November 7, 2010, but received no response. *Id.* Plaintiff alleges the default judgment was granted. *Id.* at 3.

### IV.   Discussion and Analysis

According to Plaintiff, Janalie Henriques and Hunt & Associates ("Defendants") violated the Fair Debt Collection Practices Act and California's corollary statute, the Rosenthal Fair Debt Collections Act. (Doc. 7 at 3-5). Plaintiff alleges, "The account number listed in their communications is erroneous and bogus as related to Plaintiff, and remains to this date un-validated and un-verified." *Id.* at 2-3. Plaintiff states Defendants "proceeded with litigation with full knowledge the account was not that of the Plaintiff[]" *Id.* at 3. Also, Plaintiff asserts Defendants' actions were a violation of due process because she was "never serve[d] pursuant to Federal FRCP 12(b)(4)." *Id.* at 5.

  A.   Fair Debt Collection Practices Act ("FDCPA")

Under the provisions of the FDCP, debt collectors are prohibited "from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995); *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). To establish a violation of the FDCPA, Plaintiff must show: (1) she was a consumer (2) who was the object of a collection activity arising from a consumer debt, and (3) the defendant is a "debt collector" as defined by the FDCPA, (4) who engaged in an act or omission prohibited by the FDCPA. *Miranda v. Law Office of D. Scott Carruthers,* 2011 U.S. Dist. LEXIS 55180, at *11 (E.D.

1  Cal. May 23, 2011), citing *Turner v. Cook*, 362 F.3d 1219, 1227-28 (9th Cir. 2004). Plaintiff alleges
2  she is a consumer within the meaning of FDCPA, and Defendants are debt collectors within the
3  meaning of FDCPA. (Doc. 7 at 3). Plaintiff asserts Defendants have violated several sections of the
4  FDCPA, including § 1692e(2) by falsely representing the character, amount or legal status of a debt;
5  §§ 1692e(8) and 1692g(b) by failing to verify or validate the disputed debt; and § 1692f by using
6  unfair and unconscionable means to collect a debt. *Id.* at 3-4.

*Section 1692e(2)*

The FDCPA prohibits a debt collector's use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt" including "[t]he false representation of . . . the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). A plaintiff is not required to prove the defendant knowingly or intentionally made the false representation. *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1166, 1176 (9th Cir. 2006).

Here, Plaintiff asserts Defendants falsely represented "the character, amount, or legal status of [the] debt." (Doc. 7 at 3). According to Plaintiff, she notified Defendants that the account was not hers, and states, "If [the] account is not Plaintiff's it is not Plaintiff's legal debt." *Id.* at 2-3. Plaintiff's alleges the collection note from Hunt & Henriques characterized the debt as hers, though it was not. *Id.* at 2. In addition, Plaintiff alleges the complaint signed by Janalie Henriques mischaracterized the debt. *Id.* at 4. Therefore, Plaintiff alleges Defendants falsely represented the debt, and states a cognizable claim for a violation of § 1692e(2).

*Section 1692e(8)*

Debt collectors are prohibited from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Unlike § 1692e(2), this section requires the plaintiff to show the defendant knew or should have known that the information was false. *Id.*; *see also Clark*, 460 F.3d at 1176 n.11 (noting though the FDCPA is generally a strict liability statute, Congress expressly required elements of knowledge and intent where it deemed them necessary).

...

1    Plaintiff seems to allege Defendants violated § 1692e(8) by communicating false information to the court.  Notably, because Plaintiff asserts Defendants made particular false representations regarding the debt, the heightened pleading standard of Fed. R. Civ. P. 9(b) is applicable to the claim because it sounds in fraud.  *Compare Bledea v. Indymac Fed. Bank*, 2010 U.S. Dist. LEXIS 23391, at *21 (E.D. Cal. Feb. 25, 2010) (when the plaintiff alleged the defendant falsely stated the debt, the allegation violation of §1692e(8) was subject pleading standard of Rule 9(b), and required the plaintiff to allege "the time, place or manner of the misrepresentation with sufficient particularity") *with Champlaie v. BAC Home Loans Servicing*, 706 F.Supp.2d 1029, 1055 (E.D. Cal. 2009) (finding Rule 9(b) inapplicable where the plaintiff alleged the defendant *threatened* to make false reports as a violation of § 1692e(8), because fraud was not the basis of the claim).

Therefore, because Plaintiff asserts Hunt & Henriques made false representations regarding the debt, Plaintiff is required to state "the who, what, when, where and how" of the false representations.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1120 (9th Cir. 2003); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2004) (allegations must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations") (internal quotation marks and citation omitted).  Here, Plaintiff alleges Defendants filed a complaint against her on July 20, 2010, in which they included "knowingly false information as to Plaintiff's credit, by claiming an erroneous obligation."  (Doc. 7 at 4).  Because Plaintiff alleges when, by what means, and to whom Hunt & Henriques made false representations, she has stated a cognizable claim for a violation of § 1692e(8).

*Section 1692g(b)*

When "a consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed… the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment…" 15 U.S.C. § 1692g(b).  In essence, § 1692g(b) gives a debt collector "a choice: it either may choose not to verify the debt and abandon its collection efforts, or it may decide to verify the debt and resume the collection activities once the requested

1  validation has been provided." *Golliday v. Chase Home Finance, LLC*, 671 F.Supp. 629, 637 (W.D.

2  Mich. 2011), citing *Purnell v. Arrow Fin. Servs., LLC*, 303 Fed. App'x. 297, 304 (6th Cir. 2008).

3      Here, Plaintiff alleges Henriques and Hunt & Henriques failed to obtain verification of the

4  debt and if they had done so, the defendants would have recognized the account was not her debt:

> If they attempted to validate with [the] original creditor, then they were fully aware that account did not belong to the Plaintiff. If Defendants did verify, then they were aware that account did not belong to the Plaintiff. If Defendants did verify, then they moved forward with full knowledge that their claim was fraudulent. If they failed to attempt verification, then they simply violated this section . . .

8  (Doc. 7 at 4). Plaintiff alleges that she notified Defendants in writing that the debt was not hers, yet

9  they continued in a court action to collect the debt despite receiving notice that the debt was disputed

10  and without providing verification of the debt. Therefore, Plaintiff has stated a cognizable claim for

11  a violation of § 1692g(b).

12      *Section 1692f*

13      The FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect

14  or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA does not define "unfair" or

15  "unconscionable," but Section 1692f provides eight examples of violative conduct "without limiting

16  the general application" of the statute. *See id.* Notably, "[t]he filing of a lawsuit alone is neither

17  unfair nor unconscionable." *MediaIdea v. Law Office of Evan L. Loeffler, PLCC*, 2008 U.S. Dist.

18  LEXIS 109013 (W. Wash. June 19, 2008). However, the filing of "a lawsuit to which there appears

19  to exist a complete defense, without first making a reasonable inquiry as to whether the defense is in

20  fact not complete," may be a violation of § 1692f. *See Kimber v. Federal Financial Corp.*, 668 F.

21  Supp. 1480, 1487 (M.D. Ala. 1987) (finding the defendant violated § 1692f where the suit was

22  barred by the statute of limitations and the attorney failed to make a reasonable inquiry that the

23  limitations period was to be tolled).

24      In this case, Plaintiff asserts, "Janalie Henriques violated 15 U.S.C. § 1692f by [using] unfair

25  and unconscionable means to collect a debt, by signing and causing said complaint to be filed,

26  having knowledge the alleged account was invalid and not that of Plaintiff." (Doc. 7 at 4).

27  Consequently, Plaintiff asserts she had a complete defense to the debt because it was not hers, and

28  Plaintiff has stated a cognizable claim for a violation of § 1692f.

B.  Rosenthal Fair Debt Collection Practices Act

Plaintiff alleges Defendants[1] violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA) arising under California law (Doc. 7 at 4-5).  The RFDCPA "like its federal counterpart, is designed to protect consumers from unfair and abusive debt collection practices." *Robinson v. Managed Accounts Receivable Corp.*, 654 F.Supp.2d 1051, 1060 (C.D. Cal. 2009), citing Cal. Civ. Code § 1788.1.  The provisions of FDCPA are incorporated in the RDCPA under Cal. Civ. Code § 1788.17.  Consequently, conduct by a debt collector that violates the FDCPA violates RFDCPA as well.  *See, e.g., id.*; *Hosseinzadeh v. M.R.S. Assoc.*, 387 F.Supp.2d 1104, 1118 (C.D. Cal. 2005); *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541, 548 (N.D. Cal. 2005).

Notably, the RFDCPA excludes attorneys from the definition of "debt collectors" while the FDCPA does not.  *Compare* Cal. Civ. Code § 1788.2(c) ("the term . . . does not include an attorney or counselor at law") *with* 15 U.S.C. §1692a(6).  On the other hand, district courts throughout the Ninth Circuit have found that a law firm is a "debt collector" within the meaning of the RFDCPA:

> The statute merely states that it does not apply to 'attorney' or 'counselor at law;' it does not outright exclude law firms.  Since the legislature specifically excluded attorneys from the statute but was silent with respect to law firms, this Court presumes that the legislature did not intend to exclude law firms.

*Abels*, 227 F.R.D. at 547-48; *see also Robinson*, 654 F.Supp.2d at 1061; *Miranda*, 2011 U.S. Dist. LEXIS 55180, at *19-20.  Consequently, though Plaintiff has stated a cognizable claim for a violation of RFDCPA against the law firm of Hunt & Henriques, the claim against Janalie Henriques based upon the RFDCPA is **DISMISSED**.

**V.  Conclusion and Order**

Plaintiff states cognizable claims for the violation of the Fair Debt Collection Practices Act against Defendants, including a claim for a violation of 15 U.S.C. § 1692f against Janalie Henriques, a violation of 15 U.S.C. § 1692g(b) against Hunt & Henriques Law Firm, and violations of §1692e(2) by Janalie Henriques and Hunt & Henriques Law Firm.  In addition, Plaintiff stated a

---

[1] In the First Amended Complaint, Plaintiff asserts the cause of action against Defendant Hunt & Henriques. (Doc. 7 at 4).  However, Plaintiff asserts that "Janalie Henriques is a debt collector within the meaning of the RFDCPA" and that "Janalie Henriques violated RFDCPA." *Id.* at 5. Therefore, it appears Plaintiff seeks to assert this cause of action against both defendants.

8

cognizable claim for a violation of the Rosenthal Fair Debt Collection Practices Act against Hunt & Henriques Law Firm.

The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified in this order. *See Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, Plaintiff may notify the Court in writing that she does not wish to file an amended complaint and is agreeable to proceeding against Janalie Henriques for the violations of §§1692f and § 1692e(2), and against Hunt & Henriques Law Firm for the violations of § 1692g(b), § 1692e(2) and RFDCPA. If Plaintiff so notifies the Court, at that time, the Court will dismiss the claim for violation of Rosenthal Fair Debt Collection Practices Act against Janalie Henriques, and will forward a summons and USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, her Second Amended Complaint should be brief, but must state facts supporting allegations as to the harm caused by each defendant. Fed. R. Civ. P. 8(a); *Iqbal*, 129 S. Ct. at 1948-49. Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 127 S. Ct. at 1965 (citations omitted).

Plaintiff is advised that an amended complaint supersedes the original complaint. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). In addition, the Second Amended Complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567, (citing *London v. Coopers & Lybrand*, 644 F2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is **DISMISSED**, with leave to amend;
2. Within **30 days** from the date of service of this order, Plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing of her willingness to proceed only on the

9

cognizable claims against Janalie Henriques for violations of 15 U.S.C. §1692f and § 1692e(2), and against Hunt & Henriques Law Firm for the violations of 15 U.S.C. § 1692e(2), § 1692g(b) and RFDCPA.

3. <u>If Plaintiff fails to comply with this order, the action will be dismissed for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **October 7, 2011**                                         /s/ Jennifer L. Thurston
                                                                                 UNITED STATES MAGISTRATE JUDGE