TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
ARVIN C. LUGAY (SBN 242599)
alugay@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile: (415) 352-2625

Attorneys for Defendants
Janalie Henriques and
Hunt & Henriques

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BAKERSFIELD DIVISION

| | |
|---|---|
| LINDA D. MORIARITY, | CASE NO.: 1:11-cv-01208-OWW-JLT |
| Plaintiff, | |
| v. | **ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT** |
| JANALIE HENRIQUES and HUNT & HENRIQUES LAW FIRM, | |
| Defendants. | |

Defendants JANALIE HENRIQUES ("Henriques") and HUNT & HENRIQUES LAW FIRM ("Hunt & Henriques")(collectively "Defendants") hereby submit the following Answer to the First Amended Complaint filed in this action by plaintiff LINDA D. MORIARITY ("Plaintiff"):

1. In answering Paragraph 1 of the Complaint, Defendants admit that Plaintiff alleges that this is an action brought for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* and the California Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. In answering Paragraph 2 of the Complaint, Defendants admit that Plaintiff alleges jurisdiction is proper pursuant to 15 U.S.C. § 1681(p) and 15 U.S.C. § 1692(k) and that this court has supplemental jurisdiction over state law claims. Except as herein admitted, the remaining allegations of Paragraph 2 are denied.

3. In answering Paragraph 3 of the Complaint, Defendants admit that Plaintiff alleges venue is proper pursuant to 28 U.S.C. § 1391(b). Except as herein admitted, the remaining allegations of Paragraph 3 are denied.

4. In answering Paragraph 4 of the Complaint, Defendants admit that Plaintiff alleges this is an action for damages which exceed $75,000.00. Except as herein admitted, the remaining allegations of Paragraph 4 are denied.

5. In answering Paragraph 5 of the Complaint, Defendants admit on information and belief that Plaintiff is a natural person and resident of the State of California. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

6. Admitted.

7. Admitted.

//

1    8. In answering Paragraph 8 of the Complaint, Defendants admit that Plaintiff alleges all conditions precedent to the bringing of this action have been performed, waived, or excused.  Except as herein admitted, the remaining allegations of Paragraph 8 are denied.

5    9. Admitted.

6    10. In answering Paragraph 10 of the Complaint, Defendants admit that Plaintiff defaulted into the account, but lack sufficient knowledge to form a belief as to when Plaintiff defaulted on the account at issue.  Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

10   11. In answering Paragraph 11 of the Complaint, Defendants lack sufficient information to form a belief as to the allegations contained in this Paragraph.  Except as herein admitted, the remaining allegations of Paragraph 11 are denied.

14   12. In answering Paragraph 12 of the Complaint, Defendants lack sufficient information to form a belief as to the allegations contained in this Paragraph.  Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

18   13. In answering Paragraph 16 of the Complaint, Defendants admit that on or about May 20, 2010, Defendants sent a letter to Plaintiff, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

22   14. Denied.

23   15. Denied.

24   16. In answering Paragraph 16 of the Complaint, Defendants lacks sufficient information to form a belief as to the allegations contained in this Paragraph.  Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

1    17.   In answering Paragraph 17 of the Complaint, Defendants admit that
2 on or about November 3, 2010, Defendants served a copy of the request for default
3 judgment on Plaintiff, the contents of which are self-explanatory.  Except as herein
4 admitted, the remaining allegations of Paragraph 17 are denied.

5    18.   In answering Paragraph 18 of the Complaint, Defendants lack
6 sufficient information to form a belief as to the allegations contained in this
7 Paragraph.  Except as herein admitted, the remaining allegations of Paragraph 18
8 are denied.

9    19.   Denied.

10   20.   In answering Paragraph 20 of the Complaint, Defendants lack
11 sufficient information to form a belief as to the allegations contained in this
12 Paragraph.  Except as herein admitted, the remaining allegations of Paragraph 20
13 are denied.

14   21.   In answering Paragraph 21 of the Complaint, Defendants admit that a
15 default judgment was entered against Plaintiff on or about December 13, 2010.
16 Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

17   22.   In answering Paragraph 22 of the Complaint, Defendants lack
18 sufficient information to form a belief as to the allegations contained in this
19 Paragraph.  Except as herein admitted, the remaining allegations of Paragraph 22
20 are denied.

21   23.   In answering Paragraph 23 of the Complaint, Defendants lack
22 sufficient knowledge to form a belief as to whether Plaintiff's financial obligation
23 at issue was incurred primarily for personal, family or household purposes and
24 therefore can neither admit nor deny whether Plaintiff is a "consumer" as defined
25 by 15 U.S.C. § 1692a(3).  Except as herein admitted, the remaining allegations of
26 Paragraph 23 are denied.
27 //
28

1  24. In answering Paragraph 24 of the Complaint, Defendant Janalie Henriques admits that she has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6). Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

5  25. In answering Paragraph 25 of the Complaint, Defendant Hunt & Henriques admits that it has, at times, acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6). Except as herein admitted, the remaining allegations of Paragraph 25 are denied.

9  26. Denied.

10  27. Defendants incorporate by reference paragraphs 1 through 26 above as if fully set forth herein.[1]

12  28. In answering Paragraph 27 of the Complaint, Defendants admit on information and belief that Plaintiff is a natural person within the meaning of Cal. Civ. Code § 1788.2(g). Except as herein admitted, the remaining allegations of Paragraph 27 are denied.[2]

16  29. Denied.[3]

17  30. Denied.

18  31. Denied.

19  //
20  //
21  //
22  //
23  //
24  //

---

[1] Plaintiff erroneously numbered this paragraph as number 26.

[2] Plaintiff erroneously numbered this paragraph as number 27.

[3] Plaintiff erroneously numbered this paragraph as number 28.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

### FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

//
//

MORIARITY V. JANALIE HENRIQUES, ET AL. (CASE NO. 1:11-cv-01208-OWW-JLT)
ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT                    5.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Wilful Conduct)**

Defendants acted in good faith at all times in its dealings with Plaintiff, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not wilful and should not give rise to liability.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that she may have and is therefore barred from recovering damages, if any, from Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff has waived her rights, if any, to recover the relief she seeks in the Complaint based upon her own conduct and admissions with respect to the financial obligations at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Defendants have, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

**NINTH AFFIRMATIVE DEFENSE**

**(Apportionment)**

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by

MORIARITY V. JANALIE HENRIQUES, ET AL. (CASE NO. 1:11-cv-01208-OWW-JLT)
ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT                                         6.

and contributed by persons other than Defendants. The liability, if any exists, of all defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of Defendants should be reduced accordingly.

### TENTH AFFIRMATIVE DEFENSE
### (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE
### (Not a Debt Collector)

Defendant, a law firm, is not a "debt collector" under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (First Amendment)

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiff's proposed

1  interpretation of the Rosenthal Act and FDCPA must be rejected as it would place
2  an unreasonable restraint upon Defendants' First Amendment rights, thereby
3  raising serious constitutional issues.

5       WHEREFORE, Defendants request judgment as follows:
6       1.  That Plaintiff takes nothing by the Complaint, which should be
7  dismissed with prejudice.
8       2.  That Defendants recover from Plaintiff its costs according to proof.
9       3.  That Defendants recover its attorneys' fees according to proof.
10      4.  That the Court orders such other further reasonable relief as the Court
11 may deem just and proper.

13 DATED: January 30, 2012          SIMMONDS & NARITA LLP
                                    TOMIO B. NARITA
14                                  ARVIN C. LUGAY

17                                  By:  /s/Arvin C. Lugay
                                         Arvin C. Lugay
18                                       Attorneys for defendants
                                         Janalie Henriques and
19                                       Hunt & Henriques

# PROOF OF SERVICE

I, the undersigned, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is 44 Montgomery Street, Suite 3010, San Francisco, California 94104-4816.

I am readily familiar with the business practices of my employer, Simmonds & Narita LLP, for the collection and processing of correspondence by mailing with the United States Postal Service and that said correspondence is deposited with the United States Postal Service that same day in the ordinary course of business.

On this date, I served a copy of the following document:

1) **ANSWER OF DEFENDANTS TO FIRST AMENDED COMPLAINT**

by causing such document to be placed in a sealed envelope for collection and delivery by the United States Postal Service to the addressee indicated below:

**VIA U.S. MAIL**

Linda D. Moriarity
27300 Buckpasser Drive
Tehachapi, CA 93561
Plaintiff in pro per

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at San Francisco, California on this 30th day of January, 2012.

_____
Sally Koo